Our last case this morning is People v. Eric Jones, 412-0300. For the appellant is Nancy Vinson. You are she, Beth? For the appellee is Denise Ambrose. Ms. Vinson, you may proceed. May it please the court. Counsel. Counsel. My name is Nancy Vinson. I'm with the Office of the State Appellate Defender, and I'm here today representing the appellant, Erin Jones. And in a nutshell, the problem that occurred here should not have occurred and would not have occurred if the court had complied with the Supreme Court rules, specifically Rules 401 and 605, which were developed precisely to prevent the problems that occurred here. And the end result of those problems is that Ms. Jones failed to properly perfect her appeal because she could not comply with Rule 604D. She did not file a motion to withdraw her plea prior to filing a notice of appeal. Rule 604D was implemented to reduce the number of appeals, reduce the kind of appeal that we're here for today. The idea was twofold. First of all, to allow the circuit court the opportunity to address issues in the first instance while memories are fresh and the parties are still, you know, easily found. And conscientious judges, I believe, are more than willing to do that. If those problems are addressed quickly, then the need to appeal never arises. The other problem that the rule was designed to prevent is to reduce simply the number of appeals. And the way that was done was to implement 604D to begin with. The hammer of 604D is that an appeal is dismissed if a defendant does not first comply with Rule 604D. Then because the consequences of not complying with 604D are so severe, the court then implemented Rule 605. Rule 605 requires a judge to substantially impart the instructions on how to comply with 604D. Those admonishments need not be verbatim from the rule, but they do need to be verbal and substantially impart the instructions that the admonitions specifically require. Those rules are meant to work in harmony, 604D and 605. If 605 is not complied with, then a defendant cannot comply with 604D. The rules will not work as they are intended to work. Then, in order to address that problem, the Supreme Court then created the admonition exception so that defendants could have the opportunity to comply with Rule 605 if they didn't first comply with 604D and the fault lies with the trial court. And here, Ms. Jones is invoking the admonition exception. And this is because what little we know from the record indicates that very little of Rule 605 was actually complied with. What we know from this record is that what we know she was affirmatively told was that she had 30 days from the date that she appeared to file a notice of appeal. And clearly, she understood at least that much of the instruction because that's what she did. Within 30 days, she did file a notice of appeal. What the trial court said was that he is also in the habit of telling defendants that before they can appeal, they must file a motion to withdraw the plea. However, the judge didn't tell her the order in which she had to do that. In other words, that she needed to file a motion to withdraw the plea before she filed a notice of appeal and did not tell her any of the other admonitions in Rule 605. Now, there is that written admonition that's required to file. And this is where the Supreme Court's opinion in People v. Dominguez instructs the problem here. The court does not have to give every single admonition and does not have to read the rule verbatim to a defendant in open court. But what the judge does need to do is substantially impart those instructions. Now, the written admonition can complement, can supplement what the judge has done. But it cannot substitute for it. And even that written admonition is phrased in terms of the defendant has been told and understands. And here, what we know from the record is the defendant was never told, Ms. Jones was never told specifically the vast majority of those admonitions. In comparison to People v. Dominguez, while the trial judge there wasn't very specific and very precise with what he told the defendant there he needed to do, he got most of it out. And importantly, what he did tell the defendant was the steps you needed to partake in order to perfect an appeal. And then the things that the judge also did in that case was he drew the defendant's written admonitions, verified his signature, and verified his understanding. A good analogy to that is the written jury waiver requirement. Statutes require a written jury waiver. But it's not the written waiver that makes the waiver effective. It is addressing it in open court, addressing the defendant in some capacity, and assuring the defendant's agreement and understanding and voluntariness of the waiver. And that's not what we have here. All we have is a defendant being told that she's got to file within 30 days. Well, we really don't know what we have because it took so long before the bystander's report was prepared that no one actually remembers. Isn't that right? That's right. But I'm not sure... Well, does that work against you? The client waited too long to seek the bystander's report? I don't know that it does. Perhaps memories would have been better, but I'm not sure that's necessarily true. It would require speculation to guess as to if the bystander's report would have been any different or any more complete if it had been done within two months or three months or any point along the time continuum. But it still doesn't resolve the second part of the problem, which is the 401 problem. So from that perspective, I'm not sure that the timing of the bystander's report should make any difference to this court, the outcome of this case. Does it matter that the admonitions were in the written plea agreement itself? I would say that Rule 401 says it's not, and the cases cited in my brief say it's not. Specifically Stu and I believe Montgomery also clearly state that verbatim report means exactly that. And while the docket entries can inform this court as to what might have happened, the docket entries do miss one aspect of the Rule 401 requirements, and specifically if the defendant is subject to any sort of enhanced term. That is not contained in the docket entries. But I think that's a minor point, but the major point is that Rule 401B requires a verbatim recording, and the cases have been very clear that that's what you've got to do. I would point out that one of the cases cited in my brief, People v. Herring, is also a case from Logan County and also with precisely the same problem. Logan County is still not giving verbatim recordings of these counsel waivers. And while we all know that courts are chronically underfunded, Rule 401 does not require Logan County to hire a court reporter and prepare a transcript. All Rule 401 requires in conjunction with Rule 323 is to have a verbatim recording of some type, and the second district opinion in Montgomery specifically addresses this issue. All you need is, for example, a Panasonic recorder and a cassette tape, if you can still find one. I've got one. I had one. But digital recording is very simple to accomplish and very easy to download. But what the rules are requiring is not particularly onerous for Logan County or any other court to comply with. And the consequences of not complying with it are serious enough that this court should enforce the plain language of the rule, which is the verbatim recording of the counsel waiver. And the court's right. The docket entries are what substantially state that. But what the rule requires is a knowing and voluntary waiver and the defendant's understanding of that. And really you don't know what specifically is said or what Ms. Jones had answered or if she had any questions. And that's the purpose of the verbatim recording. We have to make sure, and this court has to make sure, that that counsel waiver is good so that we can prevent these kinds of appeals from occurring in the first place. That's what the rule is designed to do so that we don't have to have these debates. We don't have to have... If we have a question, we could have just looked through the record if it had existed and if the court had complied with the rule. Some of the cases that were cited in the briefs talk about... address the fact that reversal isn't necessarily required if the defendant doesn't allege, for purposes of Rule 401 violations, if the defendant doesn't allege a specific error or a prejudice. And here, this brings you full circle back to the 605 problem. Ms. Jones couldn't do that because she was unable to file a Rule 604D compliant motion because she was not given the right admonitions under Rule 605. You know, both of these errors require reversal. And that is what Ms. Jones asks this court to do. If the court does have any questions? No? Thank you. Thank you, Counsel. Ms. Ambrose? May it please the Court and Counsel? Counsel? A major problem with this case is the bystander's report and the fact that it came 8 months after the event and we're talking about a guilty plea where there's... in a misdemeanor case and it's a high volume type of case. I can't tell what the judge found here that occurred. He said, this is what the defendant recalls, this is what the state's attorney recalls, but it happens to be contrary to what the docket entry indicates. And I didn't find the bystander's report to be helpful whatsoever because he was all across the board as to what actually happened. He simply recalls or states what everybody's recollection was and the problem is that it conflicts with the docket entry that's in the record. What about Ms. Vinson's representations that nowadays court reporters are expensive, but for high volume misdemeanor courts, why don't you just turn on the tape? Certainly that would remedy... Wouldn't that pretty much solve all these problems? And the reason... it's been a long time since I was a trial judge, but we have now... we have a new courthouse in Champaign County and all the courtrooms have this taping thing. I don't even know... I guess people type up everything from the recordings, which are visual and audio of pretty much everything going on. You don't need a visual one, but... And I remember years ago in some of these high volume courtrooms in Champaign County, going back 40 years when I was a prosecutor, you had to turn on the old-fashioned tape recording machine just to record stuff if an issue came up. How is that not happening in 2012? I have no answer. 13. Well, 12 when this case was. The other thing is, I guess I'm revealing my age, I remember back in the bad old days when we used to have guilty pleas and appeals routinely. And a lot of people look at 604 and 605 and say, what are these silly make-work rules? Pretty important stuff. That's why we don't have, and Zinz is absolutely right, guilty plea appeals now, they don't like your motion to withdraw, and records have to show all this. I'm troubled too. As experienced as you are, if you're having trouble figuring out what this record says, then I guess we have a problem. Well, it's disturbing too that the judge said he's not in the habit of giving complete 605 admonitions, and that you only give, or this was his recollection, that he only gives it when they're unrepresented. He tells them that you have to file a motion to withdraw the guilty plea. Certainly he can't be serious about that. Well, you would think so. So, Ms. Ambrose, can I ask you a question? Because I got the feeling from your briefing, frankly, from the way you started out your argument, that you recognize there's a problem here. Oh, yes. Are you not in a position to concede that? I'm not in a position to concede this case, no. This case resembles one that I had a long time ago, and I think Karen Muno was the opponent. And I just can't recall which case it was. I think it was a Rule 23. But it's disturbing that we have to have an appeal like this. And I know how difficult it is to try and recreate a bystander's report. I've tried in other cases, and the trial judges and the parties are confounded as to exactly what they need to do. And I can't remember what I've said an hour ago, let alone what has occurred eight months ago. Probably the defendant has the best memory, because she's the person who's really affected. It's kind of a routine matter for the state's attorney and for the trial judge. Sure. And she specifically recalled not being told. Yeah. She also said there was one thing that was noticeably absent from her recollections and affidavit, and that is that she didn't say whether she read this written agreement that has everything spelled out there for her. And I thought that was kind of a red flag, that that was omitted from her. But I don't think even if she had read it, that helps you under the case law. No, but that along with maybe the docket entry would be enough to have at least a response. Well, the docket entry only says appeal rights given or something like that. Yes. We don't know what those, we don't know what he said. No, and at one point. Appeal rights could be just the minimal that he gave. Well, at one point he said, you know, 30 days to come back into court. And then he said, but that's opposite to what I usually do. And that is if they're unrepresented, I tell them they need to file a motion to withdraw their guilty plea. I would welcome any other questions from this board. Thank you. Thank you, counsel. Ms. Vincent? Just a couple of quick points. We're exactly right. The bystander's report isn't terribly specific. And the reason for that is it's a high-volume courtroom. And the judge really wouldn't remember everything that occurred. But that's kind of the point, isn't it? If we had a verbatim recording, we wouldn't have to ask that question in the first place. And that's what it's designed to prevent. And it doesn't really violate the docket entries. What the court is saying is that the docket entries, what the court is saying about the Rule 605 admonitions doesn't necessarily conflict with what the docket entries say. All the docket entry says is appeal rights given. That could mean to the judge simply, I told her she needed to file a notice of appeal in 30 days. If the docket entries were specific as to the Rule 605 admonitions, that might be one thing. It would just depend on what the docket entries would say. But the point is, Dominguez tells us that that's not going to be good enough anyway. The judge has to verbally say, or verbally impart the vast majority of the Rule 605 admonitions. Which also goes to the point of whether or not Ms. Jones read the document also doesn't comply with Rule 605. The judge has to verbally give the vast majority of those admonitions or impart the substance of the Rule. You can use that document, but even if she had read it, the judge did not draw her attention to it or verify that she signed it or, more importantly, that she understood it. So from that perspective, I'm not sure whether or not she would have read it assists the state in any way. And for all those reasons, we would ask the court to reverse this. Thank you, counsel. I take this amendment as an advice from the recess.